**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NANCY LYON HAVLIK, ALICE T. LYON, and ROSS T. LYON, Individually and as Trustees of the EDWARD S. LYON TRUST, <br><br> Plaintiffs <br><br> v. <br><br> UNIVERSITY OF CHICAGO, UNIVERSITY OF CHICAGO CONTRIBUTORY RETIREMENT PLAN, UNIVERSITY OF CHICAGO SUPPLEMENTAL RETIREMENT PLAN, and TIAA (f/k/a Teachers Insurance and Annuity Association of America – College Retirement Equities Fund), <br><br> Defendants | No. |

## COMPLAINT

Now come the Plaintiffs, NANCY LYON HAVLIK, ALICE T. LYON, and ROSS T. LYON, Individually and as Trustees of the EDWARD S. LYON TRUST (collectively "Trustees"), by their attorneys, MARK D. DE BOFSKY and DE BOFSKY LAW, LTD.; and complaining against the UNIVERSITY OF CHICAGO, UNIVERSITY OF CHICAGO CONTRIBUTORY RETIREMENT PLAN, UNIVERSITY OF CHICAGO SUPPLEMENTAL RETIREMENT PLAN, and TIAA, they state:

*Nature of Action*

1. This matter relates to the disposition of retirement plan benefits maintained by Edward S. Lyon in the University of Chicago Contributory Retirement Plan and the University of Chicago Supplemental Retirement Plan (collectively "Plans") based on a beneficiary determination made by TIAA and which the University of Chicago, as Plan Administrator, ratified.

Plaintiffs assert that the Defendants improperly rejected the spousal consent of Valerie T. Lyon provided to the Plans even though the consent was duly executed in accordance with the laws of the State of Wisconsin relating to a Wisconsin Power of Attorney for Finances and Property for Valerie T. Lyon dated May 23, 2014. As a result thereof, although the Edward S. Lyon Trust dated March 7, 1998 and amended on May 23, 2014, was intended to make the grandchildren of Edward S. Lyon and Valerie T. Lyon the primary beneficiaries of Edward S. Lyon's retirement benefits, that purpose was frustrated.

## *Jurisdiction and Venue*

2. This Court has jurisdiction over the parties and the subject matter of this action pursuant to the Employee Retirement Income Security Act as the benefits at issue are defined contribution employee retirement Plans governed by that law. Accordingly, jurisdiction is proper pursuant to 29 U.S.C. §§ 1132(e)(1) and (f). The Court also has jurisdiction pursuant to 28 U.S.C. § 1331 since Plaintiffs' claims arise under the laws of the United States.

3. Plaintiffs also plead an alternative breach of fiduciary duty claim against the University of Chicago and TIAA, as well as an alternative negligence claim against TIAA over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 29 U.S.C. § 1332(e)(2) and 28 U.S.C. § 1391 since the Plans are administered and maintained in this District.

## *The Parties*

5. Nancy Lyon Havlik, Alice T. Lyon, and Ross T. Lyon are natural persons. In addition to being named as Executors under the Last Will and Testament of Edward S. Lyon dated December 14, 2010, they were duly appointed as Trustees of the Edward S. Lyon Trust dated March 7, 1998 and amended on May 23, 2014.

6. The University of Chicago is an institution of higher education located in Chicago, Illinois. At all times relevant hereto, the University of Chicago was the Plan Administrator of the employee benefit plans at issue in this matter, and is hereinafter named in this Complaint as Plan Administrator.

7. The University of Chicago Contributory Retirement Plan and the University of Chicago Supplemental Retirement Plan are "employee pension benefit plans" as that term is defined by 29 U.S.C. § 1002(2). Edward S. Lyon was a "participant" in the Plans as that term is defined by 29 U.S.C. § 1002(7). Both Plans are named as necessary parties pursuant to Fed. R. Civ. P. 19(a).

8. TIAA (formerly Teachers Insurance and Annuities Association of America – College Retirement Equities Fund) ("TIAA") at all times relevant hereto acted as recordkeeper for the Plans, but also acted in a fiduciary capacity by giving advice and by making determinations with respect to beneficiary eligibility to receive distribution of plan benefits.

***Statement of Facts***

9. On March 7, 1998, Edward S. Lyon created the Edward S. Lyon Trust ("Trust"). A Third Amendment and Restatement to the Edward S. Lyon Trust was made on May 23, 2014 (a true and accurate copy of the Third Amendment and Restatement to the Edward S. Lyon Trust is attached hereto and by that reference incorporated herein as Exhibit "A"). The Third Amendment to the Trust provided that Edward S. Lyon was the trustee of the Trust during his lifetime, and following his resignation, death, or incapacity, Nancy Lyon Havlik, Alice T. Lyon and Ross T. Lyon were appointed as successor trustees.

10. The Third Amendment to the Trust created both a marital trust, a family trust, and separate grandchildren IRA trusts.

11. On the same date as the Third Amendment and Restatement of the Edward S. Lyon Trust, Valerie T. Lyon, Edward Lyon's spouse, executed a Wisconsin Statutory Form Power of Attorney for Finances and Property (a true and accurate copy of the Power of Attorney is attached hereto as Exhibit "B"). Edward S. Lyon also executed a power of attorney on that date. The powers of attorney each appointed Daniel Davies as Edward S. Lyon's and Valerie T. Lyon's agent and granted the agent general authority "with respect to the following subjects:" "Estates, trusts, and other beneficial interests," and "Retirement Plans." The only limitation placed upon the agent's authority in the Valerie T. Lyon power of attorney was that the agent was not allowed to use any property to "benefit the agent." The Valerie T. Lyon power of attorney also included a number of special instructions including the authority to "name or change the beneficiary of beneficiaries under any life insurance policies, individual retirement accounts, deferred compensation Plans, employee retirement, savings or profit-sharing Plans and all other assets, accounts, or interests in which I have the right to name or change a beneficiary."

12. Edward S. Lyon, who was a resident and citizen of the State of Wisconsin at all times relevant hereto, died on December 15, 2019. At the time of his death, the Plans held assets belonging to him which were valued at $1,210,960.16.

13. Valerie T. Lyon, who was a resident and citizen of the State of Wisconsin at all times relevant hereto, subsequently died on December 20, 2020.

14. Prior to their deaths, on March 7, 1998, Edward S. Lyon signed a beneficiary designation and Valerie T. Lyon signed a notarized spousal waiver, which were submitted to the plan (a true and accurate copy of the March 7, 1998 documentation is attached hereto as Exhibit "C").

15. On May 13, 1998, TIAA acknowledged receipt of a change in beneficiary

designation naming the Edward S. Lyon Declaration of Trust dated March 7, 1998. (a true and accurate copy of the May 13, 1998 letter from TIAA is attached hereto as Exhibit "D").

16. Another beneficiary designation and spousal waiver form dated November 22, 2019 naming the grandchildren IRA trusts as sole beneficiaries, along with Valerie T. Lyon's May 23, 2014 power of attorney, was submitted to TIAA on or about that date (a true and accurate copy of the November 22, 2019 beneficiary designation form is attached hereto as Exhibit "E"). Thereafter, there were a number of oral communications between Daniel Davies, the agent for Valerie T. Lyon pursuant to her power of attorney, and TIAA, in which Davies was given a variety of shifting and changing reasons for non-acceptance of the November 22, 2019 beneficiary designation. TIAA also made representations to Daniel Davies that it was acting on the advice of its counsel and counsel for the Plan Administrator. Subsequent to those conversations, on December 27, 2019, TIAA sent a letter to Edward S. Lyon inaccurately maintaining that the beneficiary designation form was unsigned (a true and accurate copy of the December 27, 2019 letter is attached hereto as Exhibit "F").

17. Thereafter, after further oral communications between Daniel Davies and TIAA in which TIAA kept changing the reasons given for its refusal to accept the November 22, 2019 change of beneficiary/spousal consent form, TIAA sent a follow-up letter to the Trustees dated January 26, 2022 explaining that it had rejected the November 22, 2019 beneficiary designation on the ground that the spousal consent was signed by Daniel Davies as Valerie T. Lyon's agent pursuant to a power of attorney; and erroneously asserted that "the underlying POA did not extend to Mr. Davies' execution of the required spousal consent on behalf of Mr. Lyon's spouse." (a true and accurate copy of TIAA's January 26, 2022 letter is attached hereto as Exhibit "G"). TIAA

directed the Trustees to the University of Chicago as Plan Administrator if they wished to make a claim.

18. The Trustees thereafter submitted a claim to the University of Chicago requesting that the Plans' benefits be distributed to the grandchildren IRA trusts. With their claim, they submitted a letter on behalf of the Trustees drafted by attorney Patrick Agnew dated March 23, 2022 (a true and accurate copy of Patrick Agnew's letter is attached hereto as Exhibit "H"). In his letter, Agnew explained Edward Lyon's intent in drafting the Trust and the income tax savings that were intended by having the benefits paid to his grandchildren. Agnew also furnished his legal opinion that Valerie T. Lyon's power of attorney granted her agent the power to execute a waiver of spousal rights in Edward S. Lyon's retirement benefits, citing Wisconsin statutes and the language of the power of attorney. Agnew further communicated that none of Edward and Valerie Lyons' children claimed an interest in any of the Plans' benefits, and he wrote that "**all 12 children** would be willing to sign an Indemnification Agreement holding TIAA and the University of Chicago harmless from any and all legal claims or damages that they might otherwise incur by following the beneficiary designation form filed on behalf of Edward Lyon on November 22, 2019." (emphasis in original). Agnew proposed having the University of Chicago draft such an agreement to insure it was in a form satisfactory to the Plan Administrator.

19. Notwithstanding the Trustees' claims and arguments made in their support, the Trustees' claims were denied on May 16, 2022 based on a determination by the Plan Administrator that the grandchildren trusts were not entitled to 100% of the benefits payable by the Plan (a true and accurate copy of the claim response dated May 16, 2022 is attached hereto as Exhibit "I"). The Plan Administrator determined that the terms of the Plans permitted a participant to designate a non-spouse beneficiary but only with consent of the spouse. The Plan Administrator further

maintained that an agent could act on behalf of a spouse only "pursuant to a valid power of attorney that authorizes the agent to complete and execute the spousal consent on the spouse's behalf."

20. The Plan Administrator acknowledged that an adverse determination with respect to the Trustees' claim would result in a "significant adverse tax and financial impact." However, the Plan Administrator concluded that Valerie T. Lyon's power of attorney, which was governed by Wisconsin law, was insufficient to permit an agent to exercise a spousal consent to waive the spouse's right to benefits under the Plans. The Plan Administrator advised the Trustees, however, that they could submit a court order or a legal opinion from a disinterested attorney possessing expertise in relation to the Wisconsin Power of Attorney Act in order to perfect their claim.

21. On June 28, 2022, the Trustees appealed the Plans' determination, and on October 21, 2022, they submitted further argument, along with a separate legal opinion in support of their position (a true and accurate copy of the October 21, 2022 letter is attached hereto and by that reference incorporated herein as Exhibit "J"). The October 21, 2022 letter reiterated the representation made in the Trustees' earlier communications that all of the Trustees and all of the children of Edward S. and Valerie T. Lyon "are in full agreement that the beneficiary of the qualified retirement accounts of Edward Lyon should be the thirty-six grandchildren IRA trusts as set forth in the timely filed [November 22, 2019] beneficiary designation form." The communication also reiterated that all twelve children of Edward and Valerie Lyon would be willing to sign indemnification agreements.

22. Attached to the October 21, 2022 letter was a letter addressed to the University of Chicago Plan Administrator dated October 17, 2022 written by Wisconsin attorney Rebecca M. Mackie of the law firm of Kohls & Associates, LLC, who maintained that she has had more than a decade of experience practicing primarily in the area of estate planning. Ms. Mackie expressed

7

her legal opinion that Daniel Davies had legal authority as Valerie T. Lyon's agent pursuant to her power of attorney to exercise spousal consent on behalf of his principal to waive Valerie T. Lyon's right to Edward S. Lyon's University of Chicago benefits. Ms. Mackie referenced Wis. Stats. § 244.51 as support for her opinion that under Wisconsin law, an agent acting under a power of attorney possesses the authority to "renounce" a share or payment from an estate, trust, or beneficial interest. Ms. Mackie also distinguished a 1992 district court decision cited by the plan, *Clouse v. Philadelphia, Bethlehem & New England R. Co.,* 787 F. Supp. 93 (E.D. Pa. 1992).

23. Despite the submission of the legal opinion requested by the Plan Administrator, and in the absence of any adverse claims, on December 9, 2022, the initial determination was upheld (a true and accurate copy of the University of Chicago's letter dated December 9, 2022 is attached hereto as Exhibit "K"). The determination disagreed with Ms. Mackie's opinion regarding Wisconsin law, relying on Wis. Stat. § 244.41; however, no mention was made of that fact that Valerie T Lyon had previously renounced a survivor benefit under the Plans in March 1998. No mention was made as to the proposed indemnification.

24. Upon the issuance of the December 9, 2022 determination, all required pre-litigation appeals were exhausted and this matter became ripe for judicial review.

**COUNT I – CLAIM FOR BENEFITS DUE UNDER THE TERMS OF A PLAN**

1-24. Plaintiffs reallege paragraphs 1-24 of this Complaint, and by that reference incorporate those allegations herein as paragraphs 1-24 of Count I.

25. Although Plaintiffs are not in possession of the Plan documents, based on communications from the Plan Administrator, they are informed and believe that the Plans provide that benefits are to be distributed to participants' beneficiaries in accordance with beneficiary designations made by the participant; and that benefits may be paid to beneficiaries other than the

participant's spouse so long as there is a spousal consent and waiver of the spouse's rights.

26. Prior to Edward S. Lyon's death, the Plans' recordkeeper was furnished with a beneficiary designation and spousal consent that provided for distribution of all of Edward S. Lyons' plan assets to the grandchildren IRA trusts established by the Trust.

27. Contrary to the terms of the Plans, the Plans' recordkeeper and Plan Administrator refused to distribute benefits in accordance with the beneficiary designation submitted on November 22, 2019, prior to the death of Edward S. Lyon.

28. TIA's refusal to accept the November 22, 2019 beneficiary designation and the University of Chicago's refusal to distribute benefits in accordance with the November 22, 2019 beneficiary designation was contrary to a lawful beneficiary designation and spousal consent and was arbitrary and capricious.

WHEREFORE, Plaintiffs pray for the following relief:

A. That the Court enter judgment in favor of Plaintiffs and order the University of Chicago to distribute Edward S. Lyon's benefits to the grandchildren IRA trusts in accordance with the November 22, 2019 beneficiary designation.

B. That the Court award Plaintiffs their attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

C. That the Plaintiffs be awarded any and all other relief to which they may be entitled.

**COUNT II – ALTERNATIVE CLAIM FOR BREACH OF FIDUCIARY DUTY**

For Count II of their Complaint, Plaintiffs state:

1.-28. Plaintiffs reallege paragraphs 1-28 of Count I of their Complaint as paragraphs 1 – 28 of Count II, and by that reference incorporate those allegations herein.

29. This Count is pled in the alternative to Count I and is not seeking duplicative relief.

30. At all times relevant hereto, both TIAA and the University of Chicago were either named or functional fiduciaries of the Plans consistent with the definition of "fiduciary" stated in 29 U.S.C. § 1002(21). The University of Chicago was a named fiduciary and acted in that capacity as Plan Administrator. TIAA, which is not a named fiduciary, exercised fiduciary responsibilities by making both oral and written representations to Daniel Davies and to the Trustees about the validity of the beneficiary designations that had been submitted and by advising the University of Chicago with respect to beneficiary determinations relating to plan benefits.

31. At all times relevant hereto, both the University of Chicago and TIAA had fiduciary obligations under the ERISA law as set forth by 29 U.S.C. § 1104(a), which states:

**(a) PRUDENT MAN STANDARD OF CARE**

**(1)** Subject to sections 1103(c) and (d), 1342, and 1344 of this title, a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—

**(A)** for the exclusive purpose of:

**(i)** providing benefits to participants and their beneficiaries; and

**(ii)** defraying reasonable expenses of administering the plan;

**(B)** with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

**(C)** by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and

**(D)** in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III.

32. Notwithstanding the duties set forth above, Defendants and each of them breached their fiduciary duties in one of more of the following respects:

a) Failing to discharge their fiduciary duties solely in the interest of participants and their beneficiaries for the exclusive purpose of providing benefits to the intended beneficiaries of the Edward S. Lyon Trust;

b) Failing to act with skill, prudence and diligence in determining the Plans' beneficiary;

c) Making false representations about the validity of beneficiary designations and by providing shifting and changing explanations as to why the November 22, 2019 beneficiary designation was unacceptable;

d) Failing to notify Plaintiffs that the November 22, 2019 beneficiary designation was unacceptable in sufficient time to allow them to cure any defects, if any existed, prior to Edward S. Lyon's death;

e) Failing to act in accordance with the documents and instruments governing the plan;

f) Demanding a second legal opinion with respect to the Valerie T. Lyon power of attorney as a means by which Plaintiffs could perfect their claim and enable the Plans to make payment to the grandchildren IRA trusts in accordance with the Edward S. Lyon Trust, and then rejecting the opinion provided without a reasonable basis;

g) Ignoring Plaintiffs' request to provide the Plans with an indemnification signed by all of Edward S. and Valerie T. Lyon's children as a means of protecting the Plans against any potential adverse claims;

h) Failing to give Plaintiffs further opportunity to perfect their claims;

i) Subjecting Plaintiffs to significant excess tax liability and financial losses that the Plan Administrator was made aware of and which could have been avoided had the Plan

Administrator acknowledged the validity of the November 22, 2019 beneficiary designation and spousal consent.

33. As a direct and proximate result of one of more of the foregoing fiduciary breaches, the intended beneficiaries of the Plans have been denied the benefits they were intended to receive, and the Trustees have suffered actual harm by being subjected to excess tax liability and financial harm.

WHEREFORE, Plaintiffs pray for the following relief:

A. That the Court enter judgment in favor of Plaintiffs and order the University of Chicago to distribute Edward S. Lyon's benefits to the grandchildren IRA trusts in accordance with the November 22, 2019 beneficiary designation whether by way of enforcing the terms of the Plans or by equitable reformation of the Plan terms to permit such distribution.

B. That the Court award Plaintiffs attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

C. That the Plaintiffs be awarded any and all other relief to which they may be entitled.

**COUNT III – ALTERNATIVE CLAIM FOR NEGLIGENCE AGAINST TIAA**

For Count III of their Complaint, Plaintiffs state:

1.-33. Plaintiffs reallege paragraphs 1-33 of Count II and paragraphs 1-33 of Count III, and by that reference, incorporate those allegations herein.

34. This Count is pled in the alternative to Counts I and II and is not seeking duplicative relief.

35. At all times relevant hereto, TIAA had a duty as recordkeeper for the Plans to maintain accurate records and to accept lawful beneficiary changes and spousal consents in order that plan benefits be paid to the intended and rightful beneficiaries.

36. Notwithstanding that duty, TIAA was negligent in one or more of the following respects by:

a) Failing to accept a duly signed and notarized beneficiary change form and spousal waiver dated November 22, 2019 even though the document was completed in accordance with and was proper under Wisconsin law;

b) Communicating false and inconsistent information to Daniel Davies and Plaintiffs with respect to Edward S. Lyon's November 22, 2019 beneficiary designation;

c) Providing false and misleading information to the Plan Administrator;

d) Failing to exercise due care and prudence with respect to processing the November 22, 2019 beneficiary designation;

e) Failing to act with sufficient promptness when it questioned the beneficiary designation and spousal waiver dated November 22, 2019 so that any purported defects could be cured prior to Edward S. Lyon's death.

36. As a direct and proximate result thereof, the beneficiaries of the Edward S. Lyon trust suffered monetary damages by not being recognized as beneficiaries of the Trust and by not receiving the benefits the grantor intended them to receive.

WHEREFORE, Plaintiffs pray for the following relief:

A. That the Court enter judgment in favor of Plaintiffs and against TIAA, and order TIAA to pay damages to the Plaintiffs in an amount that would make up for their unanticipated excess financial losses that were incurred due to the failure of TIAA to recognize the grandchildren IRA trust beneficiaries as the sole beneficiaries of the Trust.

B. That the Plaintiffs recover any and all other relief to which they may be entitled.

/s/ Mark D. DeBofsky
Attorney for Plaintiff

Mark D. DeBofsky
DeBofsky Law, Ltd.
150 N. Wacker Dr., Suite 1925
Chicago, Illinois 60606
(312) 561-4040
mdebofsky@debofsky.com