IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NANCY LYON HAVLIK, ALICE T. LYON, and ROSS T. LYON, Individually and as Trustees of the EDWARD S. LYON TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF CHICAGO, UNIVERSITY OF CHICAGO CONTRIBUTRY RETIREMENT PLAN, UNIVERSITY OF CHICAGO SUPPLEMENTAL RETIREMENT PLAN, and TIAA (f/k/a Teachers Insurance and Annuity Association of America – College Retirement Equities Fund),<br><br>Defendants. | No. 23 C 2342<br><br>Jeffrey T. Gilbert<br>United States Magistrate Judge |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion to for Leave to Conduct Oral Discovery [ECF No. 46] ("Plaintiffs' Motion"). For the reasons discussed below, Plaintiffs' Motion is denied.

**Background**

The following facts are taken from the Complaint. Plaintiffs are Trustees of the Edward S. Lyon Trust (the "Trust"), which was established by Edward S. Lyon for the benefit of his 36 grandchildren. *See* Complaint [ECF No. 1], at ¶2, Ex. I. Mr. Lyon is a former employee of the University of Chicago, and he was a participant in the University of Chicago Contributory Retirement Plan and the University of Chicago Supplemental Retirement Plan (the "Plans"), which are administered by the University of Chicago. *Id.* at ¶6, Ex. I. For many years, the beneficiary of Mr. Lyon's retirement benefits under the Plans was his wife, Valerie T. Lyon. *Id.* at Ex. I. Mr. Lyon died on December 15, 2019. *Id.* at ¶12. At the time of his death, his retirement benefits in the Plans totaled over $1.2 million. *Id.* A few weeks prior to his death, Mr. Lyon, through his agent who had power of attorney, submitted a beneficiary change form naming the Trust as the beneficiary of the Plans, along with a spousal waiver form signed by Mrs. Lyon's agent pursuant to a power of attorney. *Id.*

After Mr. Lyon's death, Plaintiffs submitted the Trust's claim for benefits to the University of Chicago, as Plan Administrator. *Id.* at ¶18. The University of Chicago denied Plaintiffs' claim based on its determination that under applicable state law Mrs. Lyon's power of attorney did not authorize her agent to complete and execute the spousal waiver form on her behalf. *Id.* at Ex. I. Plaintiffs appealed the denial of benefits for the Trust, but the University of Chicago upheld its initial determination denying the Trust's claim. Plaintiffs then filed this lawsuit pursuant to Sections 502(a)(1)(B) and 502(a)(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3), challenging the Plans' denial of the Trust's claim that Mr. Lyon's benefits in the Plans be awarded to the Trust's beneficiaries and not to the estate of Mrs. Lyon.

## Analysis

ERISA permits a person who is denied benefits under an employee benefit plan to challenge that denial in federal court. *Metropolitan Life Ins. Co. v, Glenn,* 554 U.S. 106, 108, 128 S. Ct. 2343, 2346 (2008); *see also* 29 U.S.C. § 1132(a)(1)(B). Generally, the standard of review of a plan administrator's decision regarding a denial of benefits "depends on whether the Plan Administrator was given the discretion to make those decisions." *Vallone v. CNA Fin. Corp.,* 375 F.3d 623, 629 (7th Cir. 2004). The Supreme Court has held that "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S. Ct. 947, 956 (1989). If a plan gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan, then the court's review is more deferential under an arbitrary and capricious standard. *Id.*

"When reviewing a plan administrator's decision in the ERISA context, the district court has significant discretion to allow or disallow discovery requests." *Semien v. Life Ins. Co. of N. Am.,* 436 F.3d 805, 814 (7th Cir. 2006). The Seventh Circuit has held that a plaintiff must make a satisfactory, two-factor threshold showing before any limited discovery becomes appropriate in an ERISA case, including: (1) the plaintiff must identify "a specific conflict of interest or instance of misconduct"; and (2) there must be a "prima facie showing that there is good cause to believe limited discovery will reveal a procedural defect in the plan administrator's determination." *Id.* at 815. Plaintiffs concede the Plans at issue in this case contain discretionary language, and they do not argue a conflict of interest exists in this case. Plaintiffs' Memorandum of Law [ECF No. 47], at 6. Therefore, under controlling Seventh Circuit authority, Plaintiffs do not have a plausible basis to argue they are entitled to the oral discovery they seek or to challenge Defendants' refusal to agree to oral discovery under Count I of the Complaint, which is the § 502(a)(1)(B) claim for benefits.

Plaintiffs alternatively argue that they are entitled to oral discovery under Count II, which is the § 502(a)(3) claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3). A review of Plaintiffs' Complaint, however, reveals that they do not allege in Count II any substantially different conduct that is separate and independent of the conduct alleged in Count I. In their Motion, Plaintiffs concede that "the subject matter of the proposed depositions relates to the claims process review." Motion [ECF No. 47], at 9. Both counts of Plaintiffs' Complaint challenge the Plan Administrator's decision not to accept Mrs. Lyon's spousal waiver and both seek identical relief – Plaintiffs want the Plans' benefits to go to the grandchildren via the Trust rather than to Mrs. Lyon's estate. Plaintiffs do not allege any wrongful conduct outside of the benefits determination that could justify broader discovery in this case. The record shows that the University of Chicago as Plan Administer denied Plaintiffs' claim for benefits based on its determination that, under applicable state law, Mrs. Lyon's power of attorney did not authorize her agent to complete and execute the spousal waiver form on her behalf. All the discovery Plaintiffs seek relates to that decision. That information is contained in the administrative record and in the materials already produced by Defendants.

The record shows that Plaintiffs appealed the denial of their claim on behalf of the Trust. The December 9, 2022 decision denying Plaintiffs' appeal explicitly says that Mrs. Lyon's spousal waiver was invalid under Wisconsin law because her power of attorney did not expressly delegate to her agent the authority to waive her spousal rights under any retirement plans as is required Wisconsin state law, Wis. Stats. Sec. 244.41. *See* Appeal Decision [ECF No. 11-1], at 4-5. That analysis and explanation is the crux of this dispute. The issue appears to be a legal issue, not a factual issue, and additional discovery is not likely to be helpful in resolving that question. Plaintiffs have not cited any cases in this district or within the Seventh Circuit in which discovery has been permitted under similar circumstances. In the Court's view, Plaintiffs can challenge the Plan Administrator's decision without the additional discovery they seek.

Plaintiffs contend that the Plan Administrator lacked any valid ground to reject Mrs. Lyon's spousal waiver and the change of beneficiary form that Mr. Lyon attempted to effectuate. They say the only explanation offered for not accepting the change in beneficiary and the spousal waiver forms was the potential risk of an enforcement proceeding that the Secretary of Labor might bring against the Plans. Plaintiffs' Reply [ECF No. 52], at 2. Plaintiffs argue that explanation was not raised during the claims process and, therefore, is an improper post hoc rationalization which is prohibited by ERISA. *Id.* No discovery is needed for Plaintiffs to raise this procedural argument either. Plaintiffs do not agree with the Plan Administrator's decision as to why the spousal waiver was not accepted, and they are entitled to dispute that decision. But they do not need the oral discovery they are seeking to mount that challenge. In the Court's view and in its discretion, Plaintiffs need no additional discovery.

3

Plaintiffs also seek an explanation of why the terms of the Trust and the wishes of Mr. Lyon's children (who are Trustees of the Trust) – that the benefits be distributed to the grandchildren – were disregarded. Plaintiffs' Reply [ECF No. 52], at 2. This is one of the clearest examples that Plaintiffs are impermissibly seeking discovery into the basis of the Plan Administrator's decision, whether under Count I or Count II, which is not permitted under ERISA. Discovery into why the Plan Administrator ostensibly disregarded the terms of the Trust and what Plaintiffs contend were Mr. Lyon's wishes has no bearing on Plaintiffs' challenge to the Plan Administrator's decision. As discussed above, the record is clear. Plaintiffs' claim to distribute Mr. Lyon's benefits to his grandchildren as the Trust had intended was denied because the Plan Administrator determined that Mrs. Lyon's spousal waiver was invalid under state law. In the Court's view, taking oral discovery into why or how the decision was made is unnecessary for Plaintiffs to challenge that decision in court, as they have done. There is no dispute about what the Plan Administrator decided, and discovery into how or why the Administrator reached that decision is unnecessary for a court to decide whether that decision was right or wrong.

## Conclusion

For these reasons and in its discretion, the Court finds that Plaintiffs have not justified the need for additional oral discovery in this case. Accordingly, Plaintiffs' Motion to for Leave to Conduct Oral Discovery [ECF No. 46] is denied.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: August 5, 2024